# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY



**MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE**
**50 WALNUT STREET, P.O. BOX 419**
**NEWARK, NJ 07101-0419**
**(973) 645-6340**

**WILLIAM J. MARTINI**
**JUDGE**

## LETTER OPINION

May 11, 2005

**VIA REGULAR MAIL**

Yves Attiogbe Vimegnon
4035 SE Mall Street
Portland, OR 97202

(*Pro se*)

Rudolph A. Filko
Assistant U.S. Attorney
970 Broad St., Suite 700
Newark, New Jersey 07102

(*Attorney for Defendant*)

Re:     **Vimegnon v. U.S.A.,**
          **Civil Action No. 04-5742 (WJM)**

Dear Litigants:

Plaintiff Yves Attiogbe Vimegnon filed a Complaint asserting that federal employees negligently performed their jobs and, as a result, lost his briefcase containing a laptap computer and valuable documents.  The Complaint is brought under the Federal Torts Claims Act ("FTCA"), 28 U.S.C. §§ 2671-80 and 1346.  Jurisdiction allegedly exists to adjudicate this matter under 28 U.S.C. § 1346(b).

The government moved to dismiss plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(1) or in the alternative Rule 12(b)(6).  Essentially, the government argues that this Court lacks jurisdiction based on an exception to the government's waiver of sovereign immunity set forth in 28 U.S.C. § 2680(c).  Plaintiff, in stark contrast to the plain language of his Complaint, opposes the government's motion arguing that this is not a tort action, but an action for violation of his Fifth Amendment equal protection rights.

Plaintiff's concession that this is not a tort action, however, is contradicted by his Complaint. Notably, there are at least three places that the Complaint clearly states that this action is predicated on a tort. First, it alleges jurisdiction under 28 U.S.C. § 1346(b). (Compl. at ¶ 2). That section pertains only to torts, not to constitutional violations.[1] Second, the Complaint asserts that "[t]he alleged *tort* at issue occurred at the INS Elizabeth Detention Center in Newark, New Jersey, within the jurisdiction of this court." (Compl. ¶ 6) (emphasis added). And third, further emphasizing that this case is brought as a tort action, the Complaint states that "[i]f the defendant were a private person, it would be liable to the plaintiff in accordance with the law of the State of New Jersey", *i.e.*, under N.J. tort law, not under the Constitution. (Compl. ¶ 14). As such, the government's motion properly addresses the subject matter before the Court.

The facts underlying plaintiff's Complaint are as follows: On August 24, 2002, plaintiff arrived at Newark International Airport claiming asylum.[2] (Compl. ¶ 7). He and his luggage, which included two suitcases, a carry-on case, and the briefcase, were moved to the Immigration and Naturalization Service's ("INS's") Elizabeth Detention Center. There, he was allegedly classified as an "undocumented criminal alien." (*Id.*). As a result, he and his luggage were moved to the Hudson County Correctional Center. Although plaintiff was admitted to the Center, his luggage was not. The INS retained the luggage until some later, unidentified point in time when it was turned over to a third party, Continental Airlines. Subsequently, after plaintiff was released, he received all of his luggage except for his briefcase. On November 22, 2004, he filed the Complaint against the government alleging it is liable for the negligent actions of the INS agents involved in the incident.

The doctrine of sovereign immunity is well-established. The United States of America may not be sued unless Congress waives immunity and authorizes suit through legislation. *See United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for

---

[1] Section 1346(b)(1) states as follows:

> Subject to the provisions of chapter 171 of this title, the district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1).

[2] Plaintiff alleges that he is a citizen of the Republic of Togo. (Compl. ¶ 6).

jurisdiction."). Any such waivers are to be construed narrowly and in favor of the sovereign. *United States v. Nordic Village, Inc.*, 503 U.S. 30, 34 (1992). Unless Congress has specifically provided for a waiver of sovereign immunity, courts lack subject matter jurisdiction to entertain suits against the government.

The FTCA fashioned a limited waiver of the government's sovereign immunity. It allows a negligence suit to be brought against the government based on the negligent act or omission of "any employee of the Government while acting within the scope of his office or employment . . . ." 28 U.S.C. § 1346(b)(1). An "[e]mployee of the government" is defined as including any officer or employee of any federal agency, and persons acting on behalf of a federal agency in an official capacity. 28 U.S.C. § 2671. However, a person's right to bring a negligence action against the government under the FTCA is not unfettered. Rather, Congress has carved out a series of exceptions to the waiver of sovereign immunity. *See* 28 U.S.C. § 2680. The exception pertinent to this case states that the waiver found in § 1346(b) shall not apply to:

> Any claim arising in respect of . . . the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer . . . .

28 U.S.C. § 2680(c).

In *United States v. Bein*, 214 F.3d 408 (3d Cir. 2000), the Third Circuit recognized that "courts have interpreted section 2680(c) to bar claims premised upon essentially any injury to property sustained during its detention." 214 F.3d at 415. In doing so, courts have broadly construed the term "any other law enforcement officer," and do not limit its construction to customs or excise officers. *See, e.g.*, *Ysasi v. Rivkind*, 856 F.2d 1520, 1525 (Fed. Cir. 1988) (INS border patrol agents included); *Halverson v. United States*, 972 F.2d 654, 655-56 (5th Cir. 1992) (same). Although the Third Circuit has yet to address how far the phrase reaches, in *Bein* it alluded that the scope may include Federal Bureau of Investigation agents and federal Marshals. *See Bein*, 214 F.3d at 416 (stating that if the Beins had brought their action under the FTCA it might have been barred under § 2680(c)). Further, a sister court in this district construed the phrase broadly and found that it included Drug Enforcement Administration agents. *United States v. Chambers*, 92 F. Supp. 2d 396, 402 (D.N.J. 2000). In light of the weight of authority broadly interpreting the phrase law enforcement officer, and given the strong likelihood that the Third Circuit would follow that weight of authority, this Court believes that the phrase should be given an expansive interpretation. *See Nordic Village, Inc.*, 503 U.S. at 34 (stating that any waiver of sovereign immunity must be strictly construed in favor of the government). Accordingly, this Court finds that INS agents should be considered law enforcement officers within the scope of § 2680(c).

Consequently, this action falls within § 2680(c).  Because § 2680(c) bars plaintiff's action, this Court lacks subject matter jurisdiction.  Thus, plaintiff's Complaint must be dismissed in its entirety.[3]

To the extent that plaintiff asserts this is not a tort action, but an action based on the violation of his Fifth Amendment right to equal protection, the result remains the same.  Although the Complaint loosely tosses out the allegation that plaintiff's property was taken from him "without any regards for the laws on equal protection of the law and due process right," (Compl. ¶ 8), and even liberally construing plaintiff's Complaint as this Court must,[4] as set forth above, the Complaint explicitly alleges that the case arises from a tort, that it is brought under the FTCA, and that the Court has jurisdiction based solely on § 1346(b).  Because the FTCA's waiver of sovereign immunity does not encompass constitutional claims brought against the government, even if plaintiff's Complaint were construed to assert a Fifth Amendment claim, it would still have to be dismissed for lack of subject matter jurisdiction.  *United States v. Mottaz*, 476 U.S. 834, 841 (1986) ("[T]he terms of [the] waiver of sovereign immunity define the extent of the court's jurisdiction.").

An appropriate Order accompanies this Letter Opinion.


s/William J. Martini

_____

**William J. Martini, U.S.D.J.**


_____

[3]It is worth noting that plaintiff does not dispute that the FTCA bars his tort claim.  Indeed, he represented to the Court that "[t]his is not a matter of 'negligence' of federal employees arising out of the performance of their work duties, nor it is (sic) a negligent delivery of detained luggage to a third party like in the case of Schlaebitz (sic) quoted by the defense." (Vimegnon 3/21/05 Letter in Opp.).

[4]*See, e.g., Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.").